UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x   15-cv-744 (JBW)(CLP)
EVRARD HERRARD,
                     Plaintiff,

                                                      AMENDED COMPLAINT

  -against-
                                                      JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
ALEJANDRO VILLALONA
(Shield # 25443; Tax # 947866), POLICE
OFFICER RENE CASTELLANO (Shield # 2610),
POLICE OFFICER JASON SMITH (Shield #
16576) and POLICE OFFICER JOHN DOE,
                     Defendants.
------------------------------------------------------------x

EVRARD HERRARD (hereinafter "plaintiff"), by his attorney(s) The Law Offices of Wale Mosaku, P.C., complaining of the defendants THE CITY OF NEW YORK, POLICE OFFICER ALEJANDRO VILLALONA (Shield # 25443; Tax # 947866), POLICE OFFICER RENE CASTELLANO (Shield # 2610), POLICE OFFICER JASON SMITH (Shield # 16576) and POLICE OFFICER JOHN DOE (hereinafter collectively referred to as "the defendants"), alleges as follows:

<u>NATURE OF THE ACTION</u>

1.       This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and §1985], [and arising under the law and statutes of the State of New York].

<u>JURISDICTION</u>

2.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4. All conditions precedent to the filing of this action have been complied with. On July 17, 2014, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff's representative, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2014PI022794 by the City of New York's Comptroller's office.

5. At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

6. This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

7. Plaintiff is resident in Kings County, New York State. Plaintiff is a black male of full age.

8. At all relevant times, defendants POLICE OFFICER ALEJANDRO VILLALONA (Shield # 25443; Tax # 947866), POLICE OFFICER RENE CASTELLANO (Shield # 2610), POLICE OFFICER JASON SMITH (Shield # 16576) and POLICE OFFICER JOHN DOE (hereinafter "defendant officers") were, and upon information and well-founded belief, still are law enforcement officers employed by the Police Department of the City of New York ("NYPD").

9. At all relevant times, the defendant officers were employed as law enforcement officers of the City of New York, State of New York,

and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

10. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, specifically the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

11. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On or about June 13, 2014 at approximately 06:10 p.m., on Ditmas Avenue, between 95th Street and 94th Street in Brooklyn, New York (hereinafter "subject location"), the plaintiff was falsely arrested without probable cause by the defendant officers.

13. Immediately prior to his arrest, the plaintiff, who is a contractor, was operating his vehicle on Ditmas Avenue.

14. Immediately prior to his arrest, the plaintiff was returning from the Home Depot store located at 579 Gateway Drive, Brooklyn, New York 11239, and heading towards his work/construction site located on Dorchester Road, between 16th Street and 17th Street in Brooklyn, New York.

15. The plaintiff first observed the vehicle (described as a police van) that the defendant officers were in as they approached in the opposite direction of traffic on Ditmas Avenue.

16. After the vehicle that the defendant officers were in passed in the opposite direction of the plaintiff's vehicle, he observed said vehicle make a u-turn and drive directly behind his vehicle.

17. The plaintiff then observed the emergency lights of the defendant officers' vehicle come on, signaling him to pull over.

18. The plaintiff dutifully pulled over immediately. After he had pulled over to the side of the road, defendant Alejandro Villalona and another defendant officer approached the plaintiff's vehicle from opposite sides.

19. The plaintiff wound down his side window (it was raining at the time), and was instructed by defendant Alejandro Villalona to exit his vehicle and open up the back door of his vehicle.

20. The plaintiff complied with the defendant Alejandro Villalona's instructions.

21. As soon as he did so, the defendant officer Alejandro Villalona instructed him to place his hands behind his back, and the plaintiff was then placed in handcuffs.

22. After the plaintiff was handcuffed, the other defendant officer who had approached the plaintiff's vehicle took the keys to the plaintiff's vehicle from him.

23. When the plaintiff asked defendant Alejandro Villalona why he had been placed in handcuffs, he was told that it was raining and as such there was no time to explain the basis for the arrest.

24. The plaintiff was then placed inside of the defendant officers' vehicle.

25. At the time the plaintiff was placed inside the defendant officers' vehicle, there were two other defendant officers within said vehicle.

26. After the defendant was taken inside the defendant officers' vehicle, defendant Alejandro Villalona told the plaintiff that he was being arrested because he did not have a receipt for the items that were within his vehicle.

27. In response, the plaintiff stated that in fact, firstly he was a contractor, and secondly he did have a receipt for the items that were in his vehicle, which he had purchased from the Home Depot store, at approximately 06:05 p.m., a few minutes before he was arrested.

28. In any event, the plaintiff was taken to the 73rd precinct by the defendant officers, and arrived at the 73rd precinct at approximately 06:30 p.m.

29. At approximately 10:15 p.m., the plaintiff was processed, or otherwise fingerprinted and photographed.

30. Subsequently, at approximately 02:30 a.m. on June 14, 2014, the plaintiff was transported to "central booking", situated within the Kings County Criminal Courthouse located at 120 Schermerhorn Street, Brooklyn New York 11201.

31. At approximately 06:30 p.m. on June 14, 2014, the plaintiff was arraigned before a criminal court judge on the following charges:
    a. AC 10-118(B) - "Destruction or Removal of Property in Buildings or Structures"; and
    b. AC 10-125(B) - "Consumption of Alcohol in Public".

32. In the complaint, which was sworn to by Police Officer Benny Lantigua, he (Officer Benny Lantigua) alleged that he was informed by defendant Alejandro Villalona that, *inter alia*, at the South West corner of Boyland Street and Lott Avenue in Brooklyn[1], the plaintiff was observed on the roadway "*carrying windows or parts thereof*"; and that the claimant was also observed "*in possession of an open bottle of "HEINEKEN…*"

33. The above-referenced allegations were blatant lies and a complete fabrication.

34. Upon arraignment, the plaintiff pleaded "not guilty", and was released upon his own recognizance.

---

[1] Which is different from the actual location that the plaintiff was arrested at.

35. Upon his release, the plaintiff, along with his wife, returned to the 73rd precinct in order to retrieve his belongings, including his wallet and vehicle.

36. Upon his arrival at the 73rd precinct the plaintiff was given his wallet and also the keys to his vehicle, which had been parked by one of the defendant officers in the vicinity of the 73rd precinct. The plaintiff then drove his vehicle away.

37. On the next occasion that the plaintiff was compelled to appear in court, specifically July 30, 2014, the criminal action against the plaintiff was adjourned in contemplation of dismissal. The case was dismissed on July 31, 2014. The docket number of the Kings County Criminal Court was 2014KN044665.

## CAUSE OF ACTION AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

38. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39. Following the plaintiff's arrest, the defendants searched and/or caused the plaintiff and his property to be searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

40. As a result of the foregoing, the plaintiff and his property were subjected to illegal and improper searches.

41. The foregoing unlawful searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

<u>CAUSE OF ACTION AGAINST THE DEFENDANTS: FALSE ARREST AND FALSE IMPRISONMENT UNDER NEW YORK STATE LAW AND 42 U.S.C § 1983</u>

42. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

44. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

45. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

46. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

47. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

<u>CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE</u>

48. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49. The individual defendants created false evidence against the plaintiff.

50. The individual defendants forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

51. That said defendants were directly involved in the initiation of criminal proceedings against the plaintiff.

52. That said defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

53. That said defendants acted with malice in initiating criminal proceedings against the plaintiff.

54. That said defendants were directly involved in the continuation of criminal proceedings against the plaintiff.

55. That said defendants lacked probable cause in continuing criminal proceedings against the plaintiff.

56. That said defendants acted with malice in continuing criminal proceedings against the plaintiff.

57. That said defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

58. That said defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

59. That said defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

60. That said defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

61. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

62. As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages

from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION AGAINST EACH DEFENDANT OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

63. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

65. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

66. As a consequence of said defendants' actions, plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       June 3, 2015

                                       LAW OFFICES OF WALE MOSAKU, P.C.

                                       By:             /s/

                                       Wale Mosaku (AM5872)
                                       Attorney for the Plaintiff
                                       25 Bond Street, 3rd Floor
                                       Brooklyn, N.Y. 11201
                                       (718) 243-0994

TO:

Gary Moy, Esq.
Assistant Corporation Counsel
New York City Law Department
Attorney(s) for Defendants
City of New York and Police Officer Alejandro Villalona
100 Church Street
New York, N.Y. 10007
(212) 356-3522

Police Officer Rene Castellano (Shield # 2610)
Defendant *pro se*
73rd Precinct
1470 East New York Avenue
Brooklyn, New York 11212

Police Officer Jason Smith (Shield # 16576)
Defendant *pro se*
76th Precinct
191 Union Street
Brooklyn, New York 11231

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK: 15-cv-744 (JBW)(CLP)
_____
EVRARD HERRARD,

                                                                           Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALEJANDRO VILLALONA
(Shield # 25443; Tax # 947866), POLICE
OFFICER RENE CASTELLANO (Shield # 2610),
POLICE OFFICER JASON SMITH (Shield #
16576) and POLICE OFFICER JOHN DOE,

                                                          Defendants.
_____

**AMENDED COMPLAINT**
_____

                LAW OFFICES OF WALE MOSAKU, P.C.
                  Attorney(s) for Plaintiff(s)
                    25 Bond Street, 3rd Floor
                    Brooklyn, New York 11201
                        (718) 243-0994
_____

**To:**　　　　　　　　　　　　　　　　　Service of a copy of the within
　　　　　　　　　　　　　　　　　　　　is hereby admitted.

　　　　　　　　　　　　　　　　　　　　Dated:................ 201_


**Attorney(s) for Defendants**

_____